(A.R.D. 97)

UNITED STATES *v.* D. C. ANDREWS & CO., INC.

Entry No. 707641.

Second Division, Appellate Term

(Decided January 14, 1959)

*George Cochran Doub*, Assistant Attorney General (*Samuel D. Spector*, trial attorney), for the appellant.

*Siegel, Mandell & Davidson* (*Sidney Mandell* of counsel) for the appellee.

LAWRENCE, Judge: This is an application for review of the decision and judgment of the trial court, reported as *D. C. Andrews & Co., Inc. v. United States*, 39 Cust. Ct. 647, Reap. Dec. 8993, which held that the dutiable value of an importation of rubber floor mats from the Netherlands was the entered value.

The controversy before the trial court was restricted to the question whether the appraiser on appraisement properly made an addition of 15 per centum to the list price of the merchandise in the foreign market.

In support of its contention that said item of 15 per centum formed no part of the market value of the merchandise, the plaintiff below introduced an affidavit of the managing director of the manufacturer and exporter of the merchandise, which was received in evidence as plaintiff's exhibit 1, and then rested.

At this point, counsel for the Government moved to dismiss the appeal for a reappraisement on the ground that the plaintiff had failed to make out a *prima facie* case. The motion was taken under advisement by the Court and decision thereon reserved "until the disposition of the case on the merits." Whereupon the Government, without making any reservations, elected to proceed, introduced two reports of American vice consuls at Rotterdam, which were received in evidence as exhibits A and B, and rested.

In the course of its opinion, the court below stated:

I am of the opinion that, with respect to the issue as limited by the parties, plaintiff established a *prima facie* case in favor of its contention that the merchandise was freely offered for sale for home consumption, without the 15 percent addition, and that the evidence offered by the defendant not only fails to carry the burden of going forward and establishing otherwise, but, in some respects, may be considered to corroborate the evidence offered by the plaintiff.

The court then added:

The motion made by counsel for the defendant at the conclusion of plaintiff's case to dismiss appeal is, therefore, denied.

When this case was argued before us, counsel for the Government stated—

There is nothing else in this case other than the 15 percent which the Government added.

However, in the argument on behalf of the Government, it was urged that its motion to dismiss at the conclusion of importer's case should have been granted, which would have resulted in an affirmance of the appraised value, without going into the merits of the case.

It was further contended that—

* * * Had the Court decided the motion at the time it was made, it would have eliminated a lot of observations made by the Court in its decision which should not have been made. By that I mean reference to the Government's evidence.

Inasmuch as the Government chose to proceed with the introduction of evidence, without filing any objections or exceptions, and finally rested without renewing its motion to dismiss, we are of the opinion that it is now too late for the Government to seek relief on that score.

Moreover, it is our opinion that the assignments of error herein do not properly bring this phase of the case within the scope of this application for review. The only assignment which might be deemed as remotely bearing upon this matter is the third one, which reads—

In finding and holding that the importer has made out a *prima facie* case, and in not finding and holding to the contrary.

This cannot be regarded as sufficient to challenge the propriety of withholding judgment on the motion to dismiss until the case was finally decided.

The court is of the opinion that the trial judge did not commit reversible error in denying the motion to dismiss, and for the reasons carefully and elaborately stated by the court below on the merits of the case, whose findings of fact and conclusions of law we adopt as our own, the decision and judgment appealed from are affirmed.

Judgment will be entered accordingly.